IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY T. COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 09-046-SLR |
| | ) |
| DELAWARE STATE HEALTH AND | ) |
| SOCIAL SERVICES, D. BUTCHER, | ) |
| and PRICE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 13th day of April, 2009, having screened the case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915, for the reasons that follow:

1. **Background.** Plaintiff Harry T. Collins, ("plaintiff"), who proceeds pro se, alleges violations of his Eighth Amendment rights and discrimination based upon his race, color, and sex in connection with his receipt of food stamps.

2. **Standard of Review.** When a litigant proceeds in forma pauperis 28 U.S.C. 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3. The legal standard for dismissing a complaint for failure to state a claim

pursuant to §§ 1915(e)(2)(B) is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not reported); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

4. Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a

2

claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

5. **Discussion**. Plaintiff, who receives food stamps, alleges that he does not receive his food stamps on time, his telephone calls are not returned by defendant Mr. Price, and he is treated rudely. He alleges that in January 2009 his check increased, but his rent was also raised twice, so now he is "getting 30 to 40 dollars less" than he received last year. Plaintiff alleges that he was "basically told that [he is] white and why should [he receive] food stamps?" (D.I. 2, ¶ 9) Plaintiff states that the case "has been under investigation." (*Id.*) Plaintiff seeks injunctive relief for the assignment of a new worker, to receive the allotted amount of food stamps to which he is entitled, and to stop the discrimination.

6. **Food Stamp Act**. "The Food Stamp Act establishes a federally funded, state-administered program that provides nutritional assistance to eligible households" by distributing coupons redeemable for food at participating retail stores. *Bliek v. Palmer*, 102 F.3d 1472, 1474 (8th Cir.1997); 7 U.S.C. § 2013(a). The program was established "to safeguard the health and well-being of the Nation's population by raising levels of

nutrition among low-income households." 7 U.S.C. § 2011. The Department of Agriculture has promulgated various regulations governing the program, but the administration of the program has been delegated to state agencies, who "make the individual eligibility determinations and actually distribute the food stamps to the eligible households." *Bliek*, 102 F.3d at 1474 (citing 7 C.F.R. § 271.4(a)). Federal regulations provide that a household that is "aggrieved by any action of the State agency which affects the participation of the household" in the Food Stamps Program "may request a 'fair hearing.'" *Jackson v. Jackson*, 857 F.2d 951, 953 (4th Cir.1988) (citing 7 C.F.R. § 273.15(a)); 7 C.F.R. § 273.15 (enumerating requirements for fair hearings). Among other things, "the state agency administering the program must (i) make certain information accessible to the recipient; (ii) give the recipient an opportunity to be heard, bring witnesses, and cross-examine state witnesses; and (iii) insure that the eventual decision is based on the record and identifies supporting evidence." *Meachem v. Wing*, 77 F. Supp. 2d 431, 434 (S.D.N.Y.1999) (citing 7 C.F.R. §§ 273.15(i)(1), 273.15(p)(1), 273.15(p)(2), 273.15(p)(3)(4) & (6), 273.15(q)(1) & (2)). In Delaware, the food stamp program is administered through the Department of Health and Social Services ("DHHS"). 31 Del. C. § 603.

7. **Eighth Amendment.** The Eighth Amendment right prohibits cruel and unusual punishment. Its protection against excessive or cruel and unusual punishments flows from the basic "precept of justice that punishment for [a] crime should be graduated and proportioned to [the] offense." *Kennedy v. Louisiana*, –U.S.–, 128 S.Ct. 2641, 2649 (2009) (citations omitted). Plaintiff's allegations as to the Eighth

4

Amendment are frivolous. There are no references to the commission of a crime. Instead, plaintiff makes complaints regarding the office manners of DHHS employees.

8. **Discrimination**. Plaintiff complains he was the victim of discrimination because DHHS employees questioned why he should receive food stamps since he is white and a male. While these comments may be inappropriate, they are not indicative of discrimination. Plaintiff is clear in his allegations that he receives food stamps and that the amount increased in January 2009. Finally, if the real issue is the amount of his food stamp allotment, plaintiff's remedy lies administratively with the DHHS. See Code Del. Regs. 16 5000 5100, Delaware Food Stamp Program Rules §§ 9000-9094.

9. **Conclusion**. Based upon the foregoing analysis, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint would be futile. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

_____
UNITED STATES DISTRICT JUDGE

5